IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RODNEY H. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 108-082 |
| | ) | |
| TIMOTHY CORBIN and RICHARD LONG, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, currently serving a term of three years of supervised release, filed the current action under 28 U.S.C. § 2241. For the reasons herein, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED**.[1]

I. **BACKGROUND**

Petitioner was charged on March 13, 2002, with twelve counts of wire fraud, two counts of identity theft, and one count of false use of a social security number. United States v. Williams, Criminal Case No. 201-231, doc. nos. 1, 154 (E.D. Va. Dec. 11, 2001) (hereinafter CR 201-231). After a jury trial, Petitioner was found guilty and on January 27,

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

2003, he was sentenced to: sixty (60) months of imprisonment each on counts one through twelve, thirty-six (36) months of imprisonment each on counts thirteen and fourteen to be served concurrently, and twenty-six (26) months of imprisonment for counts thirteen and fourteen to be served concurrently, and twenty-six (26) months of imprisonment for count fifteen to be served consecutively, for a total of eighty six months, and he was ordered to pay restitution.[2] (Doc. no. 1, Judgment in a Criminal Case); CR 201-231, doc. nos. 54, 154. The Fourth Circuit Court of Appeals affirmed the judgment on September 11, 2003. CR No. 201-231, doc. no. 62.

Petitioner then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.[3] Id. at doc. no. 69. Petitioner's motion to vacate, set aside, or correct his sentence was denied on October 19, 2006. Id. at doc. no. 154. Petitioner now argues that there is a discrepancy between the sentence that was orally pronounced at his sentencing hearing, and the written judgement.[4] (See generally doc. no. 1).

---

[2]Notably, the judgement also provides that Petitioner, "upon release from imprisonment . . . shall be on supervised release for a term of THREE (3) YEARS. (Doc. no. 1, Judgment in a Criminal Case).

[3]In his § 2255 petition, Petitioner argued he had received ineffective assistance of his pre-trial, trial, and appellate counsel, and he argued that his sentence exceeded the maximum allowed by the Sentencing Guidelines. See generally CR 201-231, doc. no. 154.

[4]Petitioner has named his reporting probation officer and his reporting probation officer's supervisor as Respondents in the above-captioned petition. (Doc. no. 1, p. 3). Petitioner contends that "Petitioner's liberty and liberty interests are substantially affected by [his supervised release] because his liberty and liberty interests have been severely restricted by the terms and conditions of Supervised Release imposed by Mr. Corbin and Mr. Long." (Id.).
It is noteworthy that Respondents did not set the terms and conditions of his supervised release, they merely enforce the terms established in the judgment. (Doc. no. 1, Judgment in a Criminal Case).

Specifically, Petitioner alleges that at his sentencing, the judge did not mention that Petitioner would be subject to any term of supervised release or any other sanction or special condition. (Id. at 1). However, Petitioner's written judgment provides among other things, that he is subject to a term of three years of supervised release, and "shall pay for the support of his minor child. . . ." (Id. at Judgment in a Criminal Case). Petitioner further argues, "The Southern District of Georgia may not enforce an illegal written order or enforce or concoct a written order or statement of limitations in direct conflict with the oral pronouncement of Petitioner[']s sentence. . . ." (Id. at 3). Additionally, Petitioner argues that the sentencing judge "set a payment schedule of $200 per month by written order in 2003 as a special condition of supervised release when he could not possibly know what Petitioner would be earning or what Petitioner could afford to pay upon Petitioner's release in 2008. . . ."[5] (Id.).

---

[5]Petitioner also argues that the Fifth Amendment precludes a court from reviewing Petitioner's case for violation of supervised release because Petitioner has already been tried, punished and completed his sentence as it was orally pronounced. (Doc. no. 1, p. 5). Furthermore, Petitioner argues that the sentencing judge "established a pattern of gross incompetence in Petitioner's trial record an perjured himself. . . ." (Id. at 6). Lastly, Petitioner states:

> The written judgment in Petitioner's case that was filed 31 January 2003 was never properly executed or served by a United States Marshal, as the attached written judgment [] clearly shows. Petitioner was therefore never served with the written judgment as is required by law. Petitioner's Due Process rights were violated because Petitioner was not properly served with the written judgment as is required by law and therefore could rely only on the oral pronouncement of his 27 January sentence to know and understand what his punishment was during the 6 years and 3 months of Petitioner's continuous incarceration.

(Id. at 7).

However, Petitioner's argument that he was unaware for 6 years and 3 months of the written judgment, more specifically that he was sentenced to serve three years of supervised

3

The Court resolves the matter as follows.

## II. DISCUSSION

Although a federal prisoner may resort to § 2241 to challenge the execution of his sentence by the Federal Bureau of Prisons, Petitioner is instead challenging the fundamental validity of his sentence.[6] Thus, even though this case was commenced pursuant to 28 U.S.C. § 2241, the Court must consider the availability of habeas relief under the circumstances of this case. "Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*). As Petitioner has previously filed a § 2255 motion, "he must apply for and receive permission from [the appropriate Court of Appeals] before filing a successive § 2255 motion." Id. at 945; see also 28 U.S.C. §§ 2255 ¶ 8 & 2244(b)(3)(A). Also of note, § 2255 motions are subject to a one-year period of limitation. 28 U.S.C. § 2255 ¶ 6.

In the instant case, Petitioner has attempted to circumvent these requirements by

---

release, is undermined by his previously filed § 2241. See Williams v. Pearson, 197 Fed. Appx. 872, (11th Cir. Sept. 26, 2006). In that case Petitioner argued that the Bureau of Prisons was illegally collecting money from him. Id. In support of this argument Petitioner asserted that:

> [A]s a part of his sentence, the district court had ordered him to pay a special assessment of $1500 and restitution under the Mandatory Victims Restitution Act (MVRA) in the amount of $186,942.58. [Petitioner] stated that the court's order requiring him to pay no less than $200 per month [was to begin] 60 days after he was placed on supervised release.

Id. at *1.

[6]Petitioner is challenging a condition set in his judgment. That this condition is purportedly inconsistent with the sentencing judge's oral pronouncement of the sentence does not alter the fact that Petitioner is challenging his sentence.

4

filing a petition under § 2241. A federal prisoner may resort to § 2241 upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." Id. ¶ 5. However, the circumstances under which a federal prisoner may invoke the so-called "savings clause" of § 2255 are tightly circumscribed.

First, a prisoner may not use the savings clause to circumvent the restrictions on filing second or successive motions. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). In other words, "the mere fact that relief under § 2255 is procedurally barred is not alone sufficient to make § 2241 an available remedy." Bridges v. Vasquez, 151 F. Supp.2d 1353, 1360 (N.D. Fla. 2001). Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised."

Darby, 405 F.3d at 945 (quoting Wofford, 177 F.3d at 1244). "To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited." Id. (citing Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003)). "Once the savings clause of § 2255 applies to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted.'" Wofford, 177 F.3d at 1244 n.3.

Here, Petitioner makes no attempt to argue that he satisfies the Eleventh Circuit's three-pronged test. As set forth above, Petitioner must satisfy all three prongs of the test before the savings clause of § 2255 can "open the portal" to § 2241 relief. Consequently, the

instant petition should be dismissed.

### III.  CONCLUSION

For the above reasons, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED**.[7]

SO REPORTED and RECOMMENDED this 26t- day of September, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[7]Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's Motion for Summary Judgment (doc. no. 2) be deemed **MOOT**.