IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| RODNEY H. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 108-082 |
| ) | |
| TIMOTHY CORBIN and RICHARD ) | |
| LONG, ) | |
| ) | |
| Respondents. ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 9). The Magistrate Judge found that although Petitioner claimed to bring his case pursuant to 28 U.S.C. § 2241, in fact, the relief sought by Petitioner was appropriately brought pursuant to 28 U.S.C. § 2255. (Doc. no. 5). Because Petitioner had previously filed a § 2255 motion, and he had not satisfied the Eleventh Circuit's three-pronged test set forth in Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999) for resorting to § 2241 relief, the Magistrate Judge recommended that his petition be dismissed. (Id.).

The majority of Petitioner's numerous objections to the Report and Recommendation are without merit. However, Petitioner's objections regarding the Magistrate Judge's initial review of his petition, and his allegation that he properly filed a § 2241 petition because he

was not challenging his sentence, merit further review. (Doc. no. 9).

Turning first to Petitioner's objection to the Magistrate Judge's initial review of his petition, Petitioner "strenuously objects to a Magistrate conducting any part or making any determination or recommendation concerning his Habeas Corpus § 2241 Petition." (Id. at 1). Petitioner asserts that he "never gave any consent to have the petition heard by [a] Magistrate and, in fact, repeatedly demanded trial by jury in the original filing of his petition and by separate motion." (Id.). Petitioner further asserts, "The [C]ourt illegally discriminated [against] Petitioner by appointing a magistrate without any notice or Petitioner's consent, and therefore denied Petitioner due process and equal protection of the law without a valid or Constitutional purpose." (Id.).

Per this District's policy, petitions filed pursuant to 28 U.S.C. § 2241 are initially reviewed by the Magistrate Judge to determine whether an order directing the respondent to show cause why the writ should not be granted should be issued. If "it appears from the application that the applicant or person detained is not entitled thereto," the Magistrate Judge will make its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243. Moreover, 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) expressly permit a Magistrate Judge to consider dispositive matters upon report and recommendation to the presiding District Judge; thereafter, the presiding District Judge reviews these dispositive matters *de novo*. As such, Petitioner's objection that the Magistrate Judge conducted an initial review and recommended dismissal of his petition is **OVERRULED**.

Next, the Court turns it attention to Petitioner's argument that he properly filed a

2

§ 2241 petition. Petitioner states:

> [The] Magistrate erroneously purports that Petitioner is challenging his sentence, and is thus not entitled to § 2241 relief. Since Petitioner maintains that he has already completed his sentence as it was orally pronounced and is not attacking his sentence, a § 2255 cannot possibly be the proper vehicle to address the Respondents illegally placing Petitioner under their supervision. PETITIONER IS NOT CHALLENGING HIS SENTENCE, but is challenging whether or not Respondents have the proper Constitutional authority to place Petitioner under their supervision in the Southern District of Georgia in light of the oral pronouncement of Petitioner's sentence. In fact, Petitioner demands that his orally pronounced sentence be strictly enforced. . . .[1]

(Doc. no. 9, p. 3). First, the Court agrees with Petitioner that in fact, when there is a discrepancy between the oral pronouncement of a sentence and the written judgment, the oral sentence controls. See United States v. Khoury, 901 F.2d 975, 977 (11th Cir. 1990). However, that rule has absolutely no bearing on the fact that Petitioner, contrary to his forceful objections, is challenging his sentence. As noted by the Magistrate Judge,

> Petitioner is challenging conditions set in his judgment. That these conditions are purportedly inconsistent with the sentencing judge's oral pronouncement of the sentence does not alter the fact that Petitioner is challenging his sentence.

(Doc. no. 5, n.6). In general, the judgement contains, *inter alia*, the written memorialization

---

[1] Less than two months after filing the instant petition, Petitioner filed another § 2241 petition in the United States District Court for the Eastern District of Virginia. Williams v. United States, Civil Case No. 208-381 (E.D. Va. Aug. 14, 2008). In that case, Petitioner raised the same claims as those before this Court. However, in that case, the respondent was directed to respond to the petition, and did so. As part of its response, the respondent filed in the record the transcript of Petitioner's sentencing, the same sentencing that Petitioner vehemently claims is inconsistent with his written judgment. Id. at doc. no. 7, Ex. C. This Court has read Petitioner's sentencing transcript and notes that all terms of which Petitioner purports were not imposed at his oral sentencing were in fact imposed at his oral sentencing, id. at 78-83; thus, contrary to Petitioner's claims, his oral sentence and written judgment are not inconsistent.

3

of the oral pronouncement of sentencing. Fed. R. Crim. P. 32(k)(1). Thus, a challenge to a written judgment is still a challenge to a sentence. In situations where a defendant moves to correct the written judgment to conform to the oral pronouncement, the defendant is challenging his sentence in the written form, and thus, the challenge is to his sentence. When there is a variance between the oral and written sentence imposed, a defendant should challenge it by way of direct appeal or by a motion for correction of sentence. United States v. Holland, 850 F.2d 1048, 1050 (5th Cir. 1988). As petitioner previously filed a § 2255 motion, and did not comply with the elements established in Wofford in the above-captioned case, a § 2241 petition is not the proper vehicle to make a challenge to his sentence. Therefore, Petitioner's objection to the Magistrate Judge's finding that he was challenging his sentence is **OVERRULED**.

All other objections are likewise **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's petition filed pursuant to 28 U.S.C. § 2241 is **DISMISSED**.[2]

SO ORDERED this 2nd day of December, 2008, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[2] All remaining pending motions are **MOOT**.